## Moore v. Joyce, Appellant.

*Husband and wife—Mortgage—Assignment—Warranty of title.*

Where a mortgage for a loan by a husband is placed in the wife's name without her knowledge, and subsequently the wife, at the request of the husband, assigns the mortgage to one who knows that the wife has no interest in the mortgage or in the money loaned, there is no warranty of title upon which the wife may be held legally liable if the mortgage fails. Bauck v. Swan, 146 Pa. 444, distinguished.

A husband took a mortgage in his wife's name without her knowledge and with no intention to make a gift of it to her. He subsequently sold the mortgage without his wife's knowledge to one who knew the wife had no interest in it. At the request of the husband and purchaser the wife signed her name to the assignment at the place which they pointed out to her. At the time of the assignment the mortgagors had been summoned as garnishees in a suit against the husband, and were subsequently compelled to pay the mortgage to the plaintiff in that suit. When suit was brought on the mortgage this payment was set up as a defence. *Held,* that there was no warranty of title on part of the wife upon which she could be held liable.

Argued Feb. 13, 1894. Appeal, No. 168, July T., 1891, by defendant, Anna A. Joyce, from judgment of C. P. Schuylkill

Co., July T., 1891, No. 168, on verdict for plaintiff, Michael J. Moore. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Reversed.

Assumpsit on warranty alleged to have been implied in an assignment of mortgage. Before GREEN, J.

At the trial it appeared that, on July 30, 1887, defendant and T. J. Joyce, her husband, assigned to plaintiff a mortgage from Edward Dolan and wife to defendant for $700. The assignment was in the usual form without express warranty. The circumstances under which the mortgage was created and subsequently assigned are stated in the opinion of the Supreme Court.

The assignment was admitted in evidence, under objection and exception. [5]

Plaintiff's request for binding instruction was affirmed. [2]

Defendant's point was as follows:

"1. The defendant being a married woman at the time of the assignment of the mortgage from Dolan and wife to her, the transfer of said mortgage by her and her husband, under the evidence in this case, did not, as against the defendant, raise an implied warranty, so as to bind her personally; therefore the verdict must be for the defendant. *Answer:* For the present we decline that point, but the facts stated in the point being undisputed, we reserve that as a question of law to be decided hereafter." [3]

The court directed a verdict for plaintiff reserving the question whether in law he was entitled to recover. [1]

Subsequently judgment was entered upon the verdict in an opinion by WEIDMAN, J.

*Errors assigned* were (1–3) instructions; (4) entry of judgment; (5) ruling; quoting bill of exceptions, evidence and instructions.

J. F. *Dolphin* and J. W. *Ryon* for appellant, cited: Otis v. Cullum, 92 U. S. 447; Utley v. Donaldson, 94 U. S. 29; People's Bank v. Kurtz, 99 Pa. 344; Selser v. Roberts & Co., 105 Pa. 242; Lyons v. Divelbis, 22 Pa. 185; Real Estate Investment Co. v. Roop, 132 Pa. 496; Koechling v. Henkel, 144 Pa. 215; Bauck v. Swan, 146 Pa. 444; Wolfe v. Oxnard, 152 Pa. 623; Campe v. Horne, 156 Pa. 506.

*George J. Wadlinger* for appellee, cited : Ritchie v. Summers, 3 Yeates, 531 ; Charnley v. Dulles, 8 W. & S. 361 ; Swanzey v. Parker, 50 Pa. 450 ; Stroh v. Hess, 1 W. & S. 153 ; Kauffelt v. Leber, 9 W. & S. 93 ; Holden v. Taylor, Hob. 12 ; Bender v. Fromberger, 4 Dal. 438 ; Stewart v. West, 14 Pa. 336 ; Flynn v. Allen, 57 Pa. 482 ; Eagan v. Call, 34 Pa. 236 ; Whitaker v. Eastwick, 75 Pa. 230 ; Cornelius v. Molloy, 7 Pa. 293 ; Van Leer v. Earle, 26 Pa. 277 ; Boyd v. Bopst, 2 Dal. 91 ; Peoples' Bank v. Kurtz, 99 Pa. 344 ; Campe v. Horne, 158 Pa. 508 ; Adams v. Grey, 154 Pa. 258 ; Evans v. Evans, 155 Pa. 572 ; McCormick v. Bottorf, 155 Pa. 331 ; Abell v. Chaffee, 154 Pa. 254 ; Milligan v. Phipps, 153 Pa. 208 ; Koechling v. Henkel, 144 Pa. 215 ; Bauck v. Swan, 146 Pa. 444 ; Beetem's Ap., 156 Pa. 281 ; Bovard v. Kettering, 101 Pa. 181.

OPINION BY MR. JUSTICE WILLIAMS, April 16, 1894 :

The appellant is the wife of Thomas J. Joyce. She is sued alone upon an instrument executed by her husband and herself under the following circumstances : In 1886 her husband loaned seven hundred dollars of his own money to Annie and Edward Dolan, taking as security therefor their bond and mortgage payable in 1890, and made payable to Anna A. Joyce, his wife. She knew nothing whatever of the transaction. About one year later he negotiated a sale of the bond and mortgage to Moore, telling him that he was short of money and could not conduct his business as he wished to without realizing the money on this loan. The sale was also made without his wife's knowledge. Moore went to the house of Joyce, with an assignment of the mortgage, and a check payable to Joyce, for the purpose of closing up the transaction, when he was told that the mortgage stood in the name of Mrs. Joyce and the check should be made payable to her. A new check was made out, and when the papers were ready Mrs. Joyce was called into the room, shown the assignment, and asked to sign it so as to make title to Moore and carry out the arrangement her husband had made with him. She at once signed and acknowledged the assignment, and wrote her name on the back of the check where she was told. Her husband took the check and obtained and used the money. Moore was present while she was in the room and explained to her that she had to sign the paper, in order to make title to the mortgage.

He knew that she had no claim upon the money loaned to the Dolans, and treated with the husband as the real owner of the mortgage, from the beginning to the end of the transaction. It now transpires that a creditor of Thomas Joyce had issued an attachment execution against him and served the Dolans as garnishees a few weeks before the sale to Moore; and that upon the trial in that case it was determined that the mortgage belonged to Joyce and not to his wife, and judgment was rendered accordingly against the garnishees for about two hundred dollars. The Dolans, when called upon to pay the mortgage to Moore, set up as a defence, pro tanto, the judgment rendered in the attachment execution, and its payment by them. This action is brought to recover from Mrs. Joyce the amount so applied upon the mortgage, on the theory that the assignment signed by her involved a warranty of her title upon which she is legally liable to her assignees. The learned judge of the court below took this view of the case and directed a verdict in favor of the plaintiff, saying that under the reasoning of this court in Bauck v. Swan, 146 Pa. 444, the liability of Mrs. Joyce was to be determined as if she were a feme sole. We do not think this case is ruled by the case cited. In Bauck v. Swan the question was over the power of a married woman to contract to pay an agent for his services in making sale of her real estate. We held that the power to sell given to her by the act of 1887 included the power to employ an agent to make the sale for her, and to make a valid agreement to pay him for his services. In this case upon the undisputed facts presented by the evidence Mrs. Joyce was not the owner of the mortgage; did not claim to be; did not know that it was payable to her; was not treated with, or consulted about the sale of it, but simply signed her name where she was told in order that the sale already made by her husband could be consummated and he receive the money therefor. Having full knowledge of her relation to the transaction the plaintiff cannot claim that he was misled by her, and if she signed the paper at his request without any previous knowledge of the existence of the mortgage and without any actual interest, as owner, in it she had a right to set up these facts as a defence. This point was brought to the attention of the court by the defendant's first point, in which the court was asked to instruct the jury that as the defendant was a married

woman her joining in the transfer of the mortgage, "under the evidence in this case," did not raise an implied warranty binding upon her personally. The evidence showed that she had no interest in the money and no knowledge of the loan, but as the wife of Joyce she joined in the transfer of this mortgage at Moore's request and the request of her husband, in order to carry out her husband's agreement for its sale. If the facts now stated were undisputed, or being disputed were found by the jury, then, though a formal party to the assignment, she was not a party in fact; and Moore, having full knowledge of the situation, has not been misled by her, and has no claim upon her personally for any loss he may have sustained. . For what purpose Joyce made the mortgage payable to his wife does not appear; but that it was not intended as a gift to her, or to invest her with the control of the money, is apparent from the fact that she was never informed that she was made the payee and was never consulted about the sale. It was only when her signature was wanted to complete the transaction between himself and Moore that she was called upon, and then for no purpose except to sign her name at a place pointed out to her. She had a right to reply to this action by showing just what her relation to the assignment was, and that Moore knew at the time what it was.

The judgment is reversed.